# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **APRIL CANADY,** § | No. 6:24-cv-407 | |
| Plaintiff, § | | |
| § | | |
| § | Civil Action No. | |
| § | | |
| **AGERO, INC.** § | Jury Trial Demanded | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES APRIL CANADY, PLAINTIFF and makes and files this her Complaint against AGERO, INC., in the above styled matter, and in support thereof, would respectfully show unto the court the following:

JURISDICTION AND VENUE

1. This Court has jurisdiction of the action under the Americans With Disabilities Act of 1990, and as amended. Venue is proper in this judicial district under this statute because Bell County, Texas is where all or a substantial part of the events or omissions giving rise to the cause of action herein occurred. Plaintiff seeks compensation in excess of $75,000.

2. Plaintiff is April Canady, an individual who resides in Bell County, Texas. Defendant AGERO, Inc. is a corporation formed, created and operated in the State of Massachusetts, and does business in Bell, County, Texas. Service of process may be performed by

serving Mr. Dave Ferrick, President and CEO, at <u>400 Rivers Edge Dr, Medford, MA 02155</u>.

3. Agero, Inc. is a "person" within the meaning of the Americans With Disabilities Act of 1990, and as amended. and an "employer" within the meaning of Americans With Disabilities Act of 1990, and as amended,

4. The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by April Canady on or about September 26, 2021 and an amended charge on or about March 21, 2022. In her charge and amended charge, Canady alleged that she had been discriminated against based on her disabilities. Canady began to experience exacerbations of her qualifying disability and made her trainer aware. Canady subsequently requested reasonable accommodations on or about September 21, 2021 and on September 23, 2021. Canady submitted a secondary request for a reasonable accommodation.  Shortly thereafter a human resources Representative terminated Canady's employment referring to Canady's "inability to continue working without reasonable accommodation." Canady then filed her original charge of discrimination with the EEOC on September 26, 2021. Canady also alleged that she was discriminated against contrary to the law as set forth under the ADA because she was not given a reasonable accommodation and subsequently, her employment was terminated. The EEOC investigated the charge, and made no determination as to the merits of Plaintiff's claims that she was discriminated against in violation of the ADA.

5. All conditions precedent to the filing of suit have been performed or have occurred.

FACTUAL ALLEGATIONS

6. Canady began her employment with Agero on or about September 8, 2021, as a customer Service Representative and began her training on September 13, 2021. TDCJ in early August 2014. During her training, problems with her disabilities, specifically Scleroderma and Drop Head Syndrome, med it difficult to comply with directions from her trainer. Accordingly, on September 21, 2021, Canady spoke with the trainer and advised the trainer that she needed an accommodation, based on her disabilities, in order to continue the training. Then on September 23, 2021, Canady submitted a formal request for a reasonable accommodation to her trainer, who then forwarded said request to the Human Resources Department. Shortly thereafter, Canady's employment was terminated by the Human Resources representative citing Canady's "inability to continue working without reasonable accommodation."

7. On September 26, 2021 the first EEOC charge was filed by Canady. Then on November 5, 2021 received a termination letter from Agero which indicated that Canady had resigned her employment because of "Health Reasons." Although Canady did not resign, she received another letter from Agero which stated that Canady had resigned and stated that the "reason for resignation is health issue."

8. Later, in November of 2021, Canady was contacted by the Human Resources Director and re-offered her position with Agero. Canady indicated she would like to return, but she needed to have the reasonable accommodation request addressed and resolved before

she could come back. This issue went unresolved although Canady tried to get it resolved, until Agero rescinded its offer for reemployment on January 21, 2022.

## AMERICANS WITH DISABILITIES ACT (ADA)

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-8, above.

9. The Americans With Disabilities Act prohibits discrimination against a "qualified individual" with a disability because of the disability. This protection includes job applications, hiring, advancement, discharge, compensation, job training and other terms, conditions and privileges of employment. A "qualified individual" is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

10. In order to establish a claim under the ADA, Canady must demonstrate that :

   (a) she is disabled;
   (b) she was a qualified individual at all relevant times, meaning she could perform the essential functions of the job in question with or without reasonable accommodations; and
   (c) She was discriminated against because of her disability.

11. Canady suffers from multiple qualifying disabilities as defined by the ADA. She suffers from Drop Head Syndrome and Scleroderma which impair her ability to raise her head and arms quickly without severe pain.

12. She sought a reasonable accommodation to make it easier to raise her head and arms in the form of an elevated chair. No such accommodation was ever given by Agero.

13. Canady's employment was terminated by Agero after her request for a reasonable accommodation for "health issues."

14. Canady was retaliated against by Agero for engaging in a protected activity. As a qualified individual under the ADA, Canady has the right to request a reasonable accommodation to allow her to effectively perform her work assignments. Although she did make a request for a reasonable accommodation, her employment was terminated by Agero. Canady never resigned from her employment, but Agero took the position that Canady did resign, by citing various reason for her "resignation." Such various reasons included "inability to continue working without reasonable accommodation" and "health issues.".  Agero discriminated against Doerr for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. §§12102 et seq.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, April Canady prays that the Court grant the foIlowing relief: (a) Enjoin Defendant Agero from: a.  subjecting employees to discrimination and harassment based on qualified disabilities as defined by the ADA.; and b.  retaliating against employees who engage in activity protected under the ADA; and  c. Discriminating against those with disabilities; Order Defendant Agero to develop and implement appropriate and effective measures designed to prevent discrimination,

harassment, and retaliation, including but not limited to policies and training for employees and managers; d. Order Defendant Agero to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints; (e) Award compensatory damages to April Canady to fully compensate her for all of her injuries and financial losses caused by Defendant Agero's discriminatory, harassing, and retaliatory conduct, pursuant to and within the statutory limitations of the ADA and the Civil Rights Act of 1991,42 U.S.C. § 1981 a; and (e) Award such additional relief as justice may require, together with costs and disbursements and reasonable and necessary attorneys fees in this action.

## JURY DEMAND

April Canady hereby demands a trial by jury of her peers of all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure, the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (a).

Respectfully submitted,

/s/Scott V. Allen
Scott V. Allen
SBN: 01058010

Scott V. Allen, Attorney At Law
16 E. Avenue A, Suite 206
Temple, Texas 76501
(254) 774-9565
(254) 774-8579 Fax
email: svallen@sbcglobal.net

ATTORNEY FOR PLAINTIFF
APRIL CANADY